**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2860
_____

MISAEL CORDERO,
                              Appellant

v.

CHARLES E. WARREN; WILLIAM J. ANDERSON, sued in
their individual and official capacities; SUZANNE LAWRENCE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-12-cv-02136)
District Judge:  Honorable Joel A. Pisano
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 21, 2015

Before:  FISHER, KRAUSE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: May 21, 2015)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1

PER CURIAM

Misael Cordero, a New Jersey inmate proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his amended 42 U.S.C. § 1983 complaint. For the reasons set forth below, we will affirm in part and vacate in part the District Court's order and remand for further proceedings.

I.

In May 2011, Cordero's brother attempted to visit Cordero at prison. The visit did not take place, however, because a drug-sniffing dog gave a positive alert at Cordero's brother. Although no drugs were found, prison officials suspended visitation privileges between Cordero and his brother for six months. Cordero filed several grievances about this incident, all of which were allegedly ignored. After the six months expired, Cordero and his brother sought reinstatement of visitation privileges. These requests were allegedly ignored or denied. In June 2012, after another six months passed, Cordero's brother was authorized to have window visits, but not contact visits. Cordero then requested that contact visits be reinstated, but this was denied.[1]

Cordero claims that the defendants denied reinstatement of visitation privileges with his brother—first entirely, then contact visits—in retaliation for his filing grievances and legal actions against them, and that this retaliation violated the First Amendment. He also claims that this retaliatory action violated his First Amendment right to intimate

_____

[1] Although not completely clear, Cordero seems to suggest that contact visits have not yet

2

association and his Eighth Amendment right to be free from cruel and unusual punishment. Finally, he claims the defendants violated the New Jersey Civil Rights Act.

After screening the case pursuant to 28 U.S.C. § 1915A, the District Court dismissed Cordero's complaint for failure to state a claim, but permitted him to file an amended complaint. Cordero submitted an amended complaint, but the District Court concluded that he still had not stated a viable claim. Cordero timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal order is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). That is, Cordero's "[f]actual allegations must be enough to raise a right to relief above the speculative level" to avoid dismissal. Bell Atl. Corp., 550 U.S. at 555. Because Cordero is proceeding pro se, we construe his pleadings liberally. See United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999).

To state a First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link

---

been reinstated.

3

existed between the protected conduct and adverse action.  See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).  The District Court held that Cordero failed to adequately allege facts to support the second and third prongs of his retaliation claim.[2]  As to the second prong, it held that Cordero failed to allege that he was deterred from exercising his rights and noted that Cordero has continued to grieve and pursue legal actions.  But the second prong is not a subjective inquiry.  See Bistrian v. Levi, 696 F.3d 352, 376 (3d Cir. 2012).  Rather, it "is an objective inquiry and ultimately a question of fact."  Id.  Whether Cordero was deterred is immaterial; the question is whether "a person of ordinary firmness" would be deterred.  Id. (quotation marks omitted).  It is well established that retaliatory placement in segregated housing, with all its associated restrictions, could deter a person of ordinary firmness.  See Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000).  A fact finder could similarly conclude that a person of ordinary firmness would be deterred by the prospect of losing visitation with a close family member for six months or more.  Cf. id.; Bistrian, 696 F.3d at 376.  As Cordero notes, New Jersey prisons limit or suspend visitation privileges to punish and deter unpermitted conduct, so it is at least plausible that retaliatory application of this sanction could also deter lawful conduct.  See N.J. Admin. Code § 10A:4-5.1(c)-(e).  Accordingly, we conclude that dismissal of Cordero's retaliation claim based on the second prong was improper.

---

[2] The District Court assumed, and we have held, that filing grievances constitutes protected conduct.  See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).

As to the third prong, the District Court focused on Cordero's initial loss of visitation and concluded that he failed to adequately plead a causal link. But Cordero's claim is directed at the failure to reinstate visitation privileges, not the initial loss. To show that the failure to reinstate his visitation privileges was linked to his grievances, Cordero alleges that another inmate experienced the same punishment for filing a grievance about the loss of visitation. Cordero also alleges that this inmate was deterred from pursuing legal action due to this punishment. These facts, combined with the temporal proximity between Cordero's grievances and his punishment—Cordero claims to have filed several grievances, all of which were allegedly ignored, leading up to the refusal to reinstate visitation—raise his right to relief above the speculative level. Cf. Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007) (noting ways to establish causal link). Cordero's allegations suggest a pattern of retaliation that can be corroborated by other fact witnesses. Accordingly, Cordero's pleadings, construed liberally, satisfy the three prongs set forth in Rauser, and dismissal of his retaliation claim was improper.

The District Court also erred by dismissing Cordero's First Amendment free association claim. The District Court dismissed this claim as legally flawed, but Cordero persuasively argues that Overton v. Bazzetta, 539 U.S. 126 (2003), indicates that his claim should move forward. Although the Supreme Court noted in Overton that "freedom of association is among the rights least compatible with incarceration," it also

5

declined to hold or imply "that any right to intimate association is altogether terminated by incarceration or is always irrelevant to claims made by prisoners." 539 U.S. at 131. The Court did not further define the contours of this right in Overton, turning instead to whether the restrictions on visitation were rationally related to legitimate penological interests. Id. at 132 (citing Turner v. Safley, 482 U.S. 78, 89 (1987)). Cordero alleges that the defendants failed to reinstate visitation privileges with his brother in retaliation for his grievances and that, in so doing, they violated the applicable regulations. We understand Cordero to be alleging that the restrictions were not rationally related to legitimate penological interests. Although the defendants may ultimately show that their actions were justified, at this early stage we must accept Cordero's allegations as true. See Iqbal, 556 U.S. at 678. Dismissal of his claim First Amendment free association claim was therefore premature.

We agree, however, with the District Court's dismissal of Cordero's Eighth Amendment claim. Cordero contends that dismissal was improper because Overton authorizes Eighth Amendment claims when the denial of visitation is "applied in an arbitrary manner to a particular inmate." 539 U.S. at 137. But there the Supreme Court was discussing "the withdrawal of all visitation privileges." Id. Cordero's claim centers on an allegedly arbitrary six-month failure to reinstate visitation with his brother, followed by non-contact visits only. He also alleges only that this caused general suffering. Such a temporary suspension of visitation with one visitor does not violate

6

"civilized standards of humanity and decency." See Renchenski v. Williams, 622 F.3d 315, 338 (3d Cir. 2010) (quotation marks omitted); see also Wirsching v. Colorado, 360 F.3d 1191, 1205 (10th Cir. 2004) ("[V]isitation with a particular person does not constitute a basic necessity, the denial of which would violate the Eighth Amendment."). Accordingly, the District Court properly dismissed Cordero's Eighth Amendment claim.

## III.

For the foregoing reasons, we will vacate in part and affirm in part the District Court's order dismissing Cordero's amended complaint and remand for proceedings consistent with this opinion.[3]

---

[3] Because the District Court's decision to decline supplemental jurisdiction over Cordero's state law claim was premised on its dismissal of all of his federal claims, see 28 U.S.C. § 1367(c)(3), we will vacate that aspect of the District Court's judgment, too, and remand for further consideration.